## People of the State of Illinois, for use, etc., Appellee, v. Albert Ackermann, Appellant.

### Gen. No. 14,143.

1. SHORT CAUSE CALENDAR—*when trial upon, not ground for reversal.* The trial of a cause upon the short cause calendar where the same has been improperly placed, will not reverse unless by reason thereof the objecting party has been foreclosed of some substantial right and has made and continued to urge his objection to the cause being so tried.

2. SHORT CAUSE CALENDAR—*when cause "at issue."* *Held*, that this case, tried upon the short cause calendar, was placed thereon at a time when the same was "at issue" within the meaning of the requirements of placing cases upon the short cause calendar.

3. BONDS—*what does not defeat recovery upon appeal bond.* A judgment against the executor of the original defendant rendered upon appeal is a breach of the bond and the fact that a void judgment may have previously been taken against such defendant which has been reversed, does not affect the right to recover upon the bond.

4. PRACTICE—*what essential to denial of execution of bond.* The execution of a bond cannot be denied in the absence of a plea of *non est factum* verified.

5. JUDICIAL NOTICE—*of what taken.* Courts will take judicial notice of their own records. In this case judicial notice was taken of a bond on file in the court in which the action was being prosecuted.

Action in debt. Appeal from the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed January 18, 1909. Rehearing denied February 1, 1909.

JOHN M. DUFFY, for appellant.

D. J. DOWNEY, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

This suit, which resulted in the judgment here appealed from, was brought in debt upon a bond in the Circuit Court of Cook county, February 6, 1906. The

cause was submitted to the court without a jury on June 1, 1907, and the court found the issues "for the plaintiff Downey." It found the debt to be $400 and assessed the plaintiff's damages in the sum of $331. It is from this judgment this appeal is taken.

It is not considered by us necessary to discuss at any length the pleadings nor much of the proceedings which are the subject of argument in this cause.

The suit is upon an appeal bond given after a judgment in a justice court in Cook county on April 26, 1898. The justice was Cyrus Head, the plaintiff in the judgment was The People of the State of Illinois for the use of August Jennings and Mrs. August Jennings, the defendant Joseph Oswald, and the amount of the judgment $200. The appeal bond in question is signed by Joseph Oswald and Albert Ackermann.

As the contentions of the defendant are made largely on the *language* of the bond, it may shorten the discussion to recite the bond in full. It is as follows:

"Know all Men by these Presents, That we, Joseph Oswald and Albert Ackermann, are held and firmly bound unto the People of the State of Illinois for use of August Jennings and Mrs. August Jennings in the penal sum of four hundred dollars, lawful money of the United States, for the payment of which, well and truly to be made, we bind ourselves, our heirs and administrators, jointly, severally and firmly by these presents.

Witness our hands and seals this 16th day of May, A. D. 1898.

The Condition of the Above Obligation is Such, That whereas the said People of the State of Illinois for use of August Jennings and Mrs. August Jennings did, on the 26th day of April, A. D. 1898, before Cyrus Head, Esq., a Justice of the Peace for the County of Cook, recover a judgment against the above bounden Joseph Oswald for the sum of Two Hundred Dollars and ........ cents and costs of suit, from which said judgment the said Joseph Oswald has taken an appeal to the Circuit Court of Cook county and

State of Illinois: Now, if the said Joseph Oswald shall prosecute his appeal with effect, and shall pay whatever judgment may be rendered against him by the court, upon the trial of said appeal, or by consent, or in case the appeal is dismissed, or in case the matter in controversy is settled between the parties to the suit without a trial by the court appealed to will pay the judgment rendered against him by said Justice and all costs that have been made before the Justice, and all costs occasioned by said appeal, then the above obligation to be void, otherwise to remain in full force and effect.''

The principal objections made to the present judgment against Albert Ackermann on this bond are: First, that the case was tried on the short cause calendar despite the objection of the defendant Ackermann and his motion to strike the same from that calendar; second, that there has been no breach of the condition of the bond: the judgment rendered in the Circuit Court on the trial *de novo* of the suit ''The People for the use of Jennings, etc., against Joseph Oswald,'' being not against Joseph Oswald, but against ''Albert Ackermann as Executor of Joseph Oswald, deceased,'' who had been made a party defendant to the suit by order of court on suggestion of the death of Oswald; and third, that the evidence of the bond sued on was not competent or sufficient.

As to the first objection, we are indisposed at the best to consider it prejudicial error that a man, by virtue of his case being improperly placed on the short cause calendar, had it tried more promptly than would otherwise have happened. The injury would seem rather, in such case, to be done to other litigants whose cases are thus unwarrantably delayed. In cases, however, where the party who objects to being brought to trial on the advanced calendar has shown the error in advancing the cause, and that he persisted in his objection, and was taken at a disadvantage or defaulted for want of an opportunity to present his case, the error has been deemed preju-

dicial and the judgment reversed. But no such condition is shown here, even if irregularity in placing the cause on the short cause calendar was assumed. There is nothing shown or indeed claimed in the way of any foreclosure of the defendant's placing before the court his full defense—the complaint is only that the court decided against it when made. The defendant agreed indeed to submit the case to the court and try it without a jury, after making his motion to strike it from the calendar. But further than that we see nothing irregular or erroneous in the placing or in the trial of this cause on the short cause calendar. The issues were made by the declaration and the plea of *non est factum*. A *similiter* was filed on the same day the affidavits for the advancement were made. But the *similiter* was not necessary. It is assumed in such a case.

The demurrer to the "special matter" of defense under the general issue, as well as to the plea of *nil debet* had been sustained a week before the cause was actually tried. We do not understand that a demurrer was the proper way to reach this special matter, but the existence of the notice under the plea of *non est factum* did not prevent the cause being "at issue" when it was placed on the short cause calendar.

The second objection to the judgment is expressed in the motion of defendant and admission of plaintiff recited in the bill of exceptions as follows:

"Thereupon the defendant moved the court to dismiss this action upon the ground that there was not sufficient evidence offered to the court to sustain the finding or a recovery against the defendant herein; there being no evidence showing a breach of the said bond nor no evidence to sustain the allegations of the declaration that there was a judgment of record in said cause of the People v. Oswald, against said Oswald upon said bond or in the trial of said appeal, and for the further reason that said bond was given by said Oswald, his heirs and administrators, and that no mention in said bond of his executor appears and

that therefore there was not before the court sufficient evidence upon which to show a breach of said appeal bond nor to sustain a finding by the court against said defendant; but the court denied said motion, holding that the word 'Administrator' in said bond was broad enough to include 'Executor'; to which ruling of the court the defendant, by his counsel, then and there excepted.

''Thereupon the attorney for the plaintiff admitted in open court that upon the actual appeal bond now sued upon that a judgment had been entered against said Joseph Oswald on April 26, 1899, after he was dead and a suggestion of his death being of record, that said judgment was reversed upon a writ of error sued out by the executor of said Joseph Oswald in the Appellate Court for the First District of Illinois (case No. 9972) on February 13, 1902, whereby by said court the judgment in said cause was reversed and remanded; thereupon said Oswald, upon the motion of said plaintiff, in the Circuit Court of Cook county, was dismissed from said cause and Albert Ackermann, his executor, substituted as party defendant; all other defendants in said cause being at the same time also dismissed; a judgment was then entered against said executor of said deceased and affirmed in the Appellate Court of the First District of Illinois, on June 17, 1904 (case No. 11238), which judgment is now, by the evidence offered in behalf of the plaintiff, held to be a breach of said bond.''

We think that this recital of the motion and its grounds and of the admission, shows in itself that the court below was right in its ruling. The questions presented were in the last analysis whether the judgment in the Circuit Court of Cook county against Albert Ackermann, as executor of Joseph Oswald, was in the same case as was the judgment against Oswald in the justice court, and whether, if so, it was, in view of the suggestion of Oswald's death and the substitution of his executor in his place, tantamount to a judgment against him, the said Joseph Oswald, so as to come within the condition of the appeal bond.

We think the answer must plainly be affirmative to both questions. It certainly is not the law that when an appeal bond sufficient under the statute has suspended the operation of a judgment, the bondsman necessarily escapes liability if the principal dies before the appeal is decided. Joseph Oswald did not ''prosecute his appeal with effect'' because his executor had a void judgment entered in the case against a dead man, vacated, which seems to be the contention of counsel.

The third objection is that there was no competent evidence of the bond sued on produced.

The manual execution of the bond by the defendant was not denied, for the plea of *non est factum* was not verified.

The bond was a part of the records of the Circuit Court, as its jurisdiction of the appeal depended on it. The court could take judicial notice of its own records and did so when a transcript of the bond, under the hand of its own clerk, was shown to it. The original bond itself, in the view of the law, lay before the court.

We think there is no sufficient objection made to the judgment appealed from, and it will be affirmed.

We should not be justified in passing unnoticed some language in the Brief and Argument of defendant in error filed in this court. That the jocular style assumed is at the expense of dignity and good taste does not trouble us and might be passed over, but expressions concerning the opposing counsel found in it are much more blameworthy. Counsel in this court are officers of the court and are entitled not only to the courtesy due to one gentleman from another, but also to that respectful treatment which that position demands.

The judgment of the Circuit Court is affirmed.

*Affirmed.*